Accordingly, based upon the foregoing reasons, the conviction for murder in the first degree is affirmed.

Finally, in accordance with our statutory duty, 42 Pa.C.S. § 9711(h)(3), we must affirm the sentence of death unless we determine that:

(i) the sentence of death was the product of passion, prejudice or any other arbitrary factor;

(ii) the evidence fails to support the finding of at least one aggravating circumstance specified in subsection (d); or

(iii) the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both' the circumstances of the crime and the character and record of the defendant.

Appellant has raised no challenge to the conclusions reached by the jury with regard to the sentencing phase of the trial.

Upon our review of the record we conclude that the sentence imposed was not the product of passion, prejudice or any other arbitrary factor. We further find that the evidence was sufficient to establish the three aggravating factors found by the jury. Specifically, that the murder occurred in the course of a felony (robbery), that the appellant has a significant history of felony convictions involving the use or threat of violence to the person; and, the defendant has been convicted of another murder committed either before or at the time of the offense at issue. 42 Pa.C.S. § 9711(d)(6), (d)(9) and (d)(11).

In addition, after reviewing the information compiled by our Administrative Office in accordance with the requirements set forth in *Commonwealth v. Frey*, 504 Pa. 428, 475 A.2d 700 (1984), *cert. denied* 469 U.S. 963, 105 S.Ct. 360, 83 L.Ed.2d 296 (1984), we do not find the sentence imposed upon the appellant to be disproportionate to the sentence imposed upon defendants in similar cases. Accordingly, the judgment of sentence of death must be affirmed.[13]

MONTEMURO, J., is sitting by designation.

**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Colin JOHNSON, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1994.

Decided Jan. 13, 1995.

---

**13.** The Prothonotary of the Supreme Court is *directed to* transmit, as soon as possible, the full and complete record of the trial, sentencing hearing, imposition of sentence and review by the Court to the Governor. 42 Pa.C.S. § 9711(i).

William E. Ruane, for C. Johnson.

William H. Ryan, Jr., Dennis C. McAndrews, William R. Toal, for Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

### ORDER

PER CURIAM.

The appeal is dismissed as having been improvidently granted.

MONTEMURO, J., is sitting by designation.